**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

EDGAR KEATON MARTIN                                                                                  PETITIONER

v.                                              No. 4:09CR00133 JLH

UNITED STATES                                                                                         RESPONDENT

**OPINION AND ORDER**

After receiving authorization by the Eighth Circuit, Edgar Keaton Martin has filed a second or successive habeas petition under 28 U.S.C. § 2255. In 2009, a jury convicted Martin of possessing a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). Martin had a lengthy prior conviction record. The presentence report, which the Court adopted, concluded that Martin's prior convictions subjected him to sentencing as an armed career criminal under 18 U.S.C. § 924(e). The Armed Career Criminal Act imposes a mandatory minimum sentence of 15 years if a section 922(g) offender has three prior convictions for a "violent felony or serious drug offense." *Id.* § 924(e)(1). The portion of the Act relevant here defines "violent felony" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 924(e)(2)(B)(i). A conviction under section 922(g)(1) otherwise carries a 10-year maximum. *Id.* § 924(a)(2). The Court sentenced Martin to 188 months' imprisonment.

Martin concedes that he had two prior convictions for violent felonies: one count of aggravated robbery as reflected in paragraph 27 of the presentence report and one count of aggravated assault as reflected in paragraph 28 of the presentence report. He denies, however, that his other convictions constitute violent felonies.

Martin has two prior convictions for first-degree terroristic threatening in Arkansas. He contends that those convictions do not count as violent felonies; the United States contends that they do. The Arkansas statute provides as follows:

> (a)(1) A person commits the offense of terroristic threatening in the first degree if:
>
>> (A) With the purpose of terrorizing another person, the person threatens to cause death or serious physical injury or substantial property damage to another person; or
>>
>> (B) With the purpose of terrorizing another person, the person threatens to cause physical injury or property damage to a teacher or other school employee acting in the line of duty.
>
> (2) Terroristic threatening in the first degree is a Class D felony.
>
> (b)(1) A person commits the offense of terroristic threatening in the second degree if, with the purpose of terrorizing another person, the person threatens to cause physical injury or property damage to another person.
>
> (2) Terroristic threatening in the second degree is a Class A misdemeanor.

Ark. Code Ann. § 5-13-301. The issue here concerns subsection (a)(1)(A): whether the inclusion of "substantial property damage" in the list of proscribed threats removes a conviction under this section from the definition of "violent felony" in the Armed Career Criminal Act.

After Martin was sentenced, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). *Johnson* declared the residual clause of the Armed Career Criminal Act unconstitutionally vague. *Id.* at 2557. The Supreme Court later held that *Johnson* retroactively applies to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016). Martin argues in his petition that as a result of these cases he is not an armed career criminal, and, therefore, his sentence is unlawful.

2

To determine whether a prior conviction is a violent felony under the Armed Career Criminal Act, courts undertake the categorical approach. *Descamps v. United States*, 133 S. Ct. 2276, 2281, 186 L. Ed. 2d 438 (2013). The task is to compare the elements of the statute that is the basis of the prior conviction with the elements of the "generic crime." *Id.* If the statute, by its elements, criminalizes a broader range of conduct than the generic crime, then the prior conviction associated with the broader statute does not qualify as a violent felony. *Id.* If the statute seems overbroad but is divisible—i.e., one or more elements of the offense are set out in the alternative—the analysis goes further. *Id.* Courts then use a modified categorical approach in which they look to a narrow range of materials to determine which alternative the defendant was convicted of violating, and then compare the elements of that alternative to the elements of the generic crime.

With reference to cases such as this one, where the statute contains alternatives, the Supreme Court has explained:

> The first task for a sentencing court faced with an alternatively phrased statute is . . . to determine whether its listed items are elements or means. If they are elements, the court should . . . review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime. . . . But if instead they are means, the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution. Given ACCA's indifference to how a defendant actually committed a prior offense, the court may ask only whether the *elements* of the state crime and generic offense make the requisite match.

*Mathis v. United States*, 136 S. Ct. 2243, 2256, 195 L. Ed. 2d 604 (2016). Thus,

> [d]istinguishing between elements and facts is . . . central to ACCA's operation. "Elements" are the "constituent parts" of a crime's legal definition—the things the "prosecution must prove to sustain a conviction." Black's Law Dictionary 634 (10th ed. 2014). At a trial, they are what the jury must find beyond a reasonable doubt to convict the defendant, *see Richardson v. United States*, 526 U.S. 813, 817, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999); and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty, *see McCarthy v. United States*, 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969). Facts, by contrast, are mere

3

> real-world things—extraneous to the crime's legal requirements. (We have sometimes called them "brute facts" when distinguishing them from elements. *Richardson*, 526 U.S. at 817, 119 S. Ct. 1707.) They are "circumstance[s]" or "event[s]" having no "legal effect [or] consequence": In particular, they need neither be found by a jury nor admitted by a defendant. Black's Law Dictionary 709. And ACCA, as we have always understood it, cares not a whit about them. *See*, *e.g.*, *Taylor*, 495 U.S., at 599-602, 110 S. Ct. 2143.

*Mathis*, 136 S. Ct. at 2248. To determine whether the items listed are elements or means, the court can consider the statutory scheme or cases from the state courts that explain whether the listed items are elements or means. *Id*. at 2256. Sometimes, courts also can "peek" at record materials to resolve the elements or means question. *Id.* at 2256-57.

Martin argues that subsection (a)(1)(A) requires only the communication of a threat for the purpose of terrorizing another. On his account, the alternatives—threatening to cause death, substantial physical injury, or substantial property damage—are simply different means that can be used to accomplish the crime. If Martin is correct, the statute is not divisible and a conviction under it cannot count as a violent felony.

The Eighth Circuit has previously held that this statute defines separate offenses and is divisible. *United States v. Boaz*, 558 F.3d 800, 807 (8th Cir. 2009).

> Boaz's conviction for terroristic threatening was . . . a violent felony. The underlying state statute defines two separate offenses: threats of death or serious bodily injury and threats to property. Applying the modified categorical approach as discussed in *United States v. Williams*, 537 F.3d 969, 972-73 (8th Cir. 2008), a review of permissible materials shows Boaz pleaded guilty to threatening to kill a woman. This prior offense is a qualifying predicate for § 924(e) because it "has as an element the . . . threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); *cf. Parker v. Norris*, 64 F.3d 1178, 1186 (8th Cir. 1995) (stating that the Arkansas Supreme Court upheld a jury's finding that terroristic threatening was a violent felony under state law for the purposes of a statutory aggravating circumstance in a capital murder case).

*Id*. Although *Boaz* was decided before *Mathis*, it has not been overruled, nor need it be.

First, the statute appears to list the items as elements and not simply legally irrelevant means of committing a crime. "Serious physical injury" is defined in the Arkansas Criminal Code as "physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ." *See* Ark. Code Ann. § 5-1-102(21). "Physical injury" is defined as the impairment of physical condition, infliction of substantial pain or infliction of bruising, swelling, or a visible mark associated with physical trauma. *Id.* § 5-1-102(14). Because the statute uses these defined terms, it cannot be true that any threat communicated for the purpose of terrorizing another would violate subsection (a)(1)(A); otherwise, a threat to cause "physical injury" could violate subsection (a)(1)(A), a possibility that the statute's use of the defined terms eliminates. Although "substantial property damage" and "property damage" are not defined terms, the use of them in the statute likewise disproves Martin's argument that any threat made with the purpose of terrorizing another person would violate subsection (a)(1)(A); that interpretation would conflate subsection (a)(1)(A), which defines a felony offense, with subsection (b)(1), which defines a misdemeanor offense.

Second, consistent with the statute, the model jury instructions in Arkansas set out the alternatives disjunctively. Ark. Model Jury Instr., Crim. 2d 1310. A court must choose which of the alternatives is applicable in instructing a jury. The model instruction authorizes the use of the statutory definition of "serious physical injury," which means that a jury would be instructed that the state must prove beyond a reasonable doubt that the defendant had the purpose of terrorizing another and threatened to cause death or "serious physical injury" as that term is defined or threatened to cause substantial property damage. Not just any threat will do. A threat to cause

"physical injury" would not violate subsection (a)(1)(A), nor would a threat to cause an insubstantial amount of property damage. The alternatives listed in subsection (a)(1)(A) are elements of the crime, one of which must be proven beyond a reasonable doubt. Thus, the statute is divisible.

Furthermore, a threat to cause death or "serious physical injury," as that term is defined in the Arkansas Criminal Code, necessarily entails a threat to use the kind of severe physical force that the Supreme Court has said is required to meet the definition of violent felony. *See Johnson*, 559 U.S. at 140-41, 130 S. Ct. at 1271.

Here, the information for one of Martin's terroristic threatening convictions charged that he "threatened to cause physical injury to Officer Kevin Brown."[1] Document #174-3 at 1. The information for the other terroristic threatening conviction charged that Martin "threatened to kill Shannon Applegate." Document #174-4 at 1. The charging documents confirm that Martin was convicted of threatening to cause serious physical injury in one case and death in the other; he was not convicted of threatening to cause damage to property. Using the modified categorical approach, both of Martin's convictions for terroristic threatening were violent felonies. Since Martin admittedly had two additional prior convictions for violent felonies, he had a total of four convictions for violent felonies, which made him an armed career criminal. He was sentenced properly.

---

[1] Although the information charged that Brown threatened to cause "physical injury" rather than "serious physical injury," the Information and the Judgment and Disposition Order reflect that the offense was a Class D felony, which means that Martin was convicted of violating section 5-13-301(a)(1)(A). Document #174-3 at 1, 4.

**CONCLUSION**

For the foregoing reasons, Edgar Keaton Martin's motion to vacate and correct his sentence under 28 U.S.C. § 2255 is DENIED. Document #170. The Court issues a certificate of appealability on the issues raised in the motion.

IT IS SO ORDERED this 16th day of May, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE